IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

HENRY WAYNE COLLIER,            )
                                )
            Petitioner,          )
                                )
     v.                          )      1:16CV403
                                )      1:07CR55-1
UNITED STATES OF AMERICA,        )      1:07CR119-1
                                )      1:07CR120-1
            Respondent.          )      1:07CR307-1

ORDER AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Petitioner in this action submitted a Motion (1:07CR55-1, Docket Entry 26; 1:07CR119-1, Docket Entry 18; 1:07CR120-1, Docket Entry 18; 1:07CR307-1, Docket Entry 9) to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In the current Motion, Petitioner lists two grounds for relief, both of which state the same argument. He contends that his sentence is no longer valid following Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015). Specifically, Petitioner challenges the application of a sentencing enhancement under United States Sentencing Guideline § 4B1.1. Petitioner argues that his prior convictions no longer count as valid predicate convictions supporting the enhancement because they are not "crimes of violence" for purposes of that enhancement following

Johnson.  The Court previously stayed this matter pending the decision in Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886 (2017).

The United States Supreme Court in Johnson limited the Armed Career Criminal Act by invalidating as unconstitutionally vague the "residual clause" of the statute, which covered any offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another."  Johnson, 135 S. Ct at 2563.  The Petitioner argues here that Johnson limits the Career Offender Guideline in the same way.  However, in Beckles, the United States Supreme Court held that the advisory United States Sentencing Guidelines are not subject to the type of vagueness challenge under the Due Process Clause that prevailed in Johnson with respect to the Armed Career Criminal Act, 18 U.S.C. § 924(e).  Beckles, 137 S.Ct. at 895.  Thus, like the petitioner in Beckles, Petitioner cannot obtain relief from his sentence based on Johnson.

In light of the issuance of the decision in Beckles, the Court will lift the prior stay in this case and, based on Beckles, the Court should deny Petitioner's Motion for lack of merit.

IT IS THEREFORE ORDERED that the prior stay in this case is lifted.

IT IS RECOMMENDED that Petitioner's Motion (Docket Entry 26) to vacate, set aside or correct sentence be denied and that judgment be entered dismissing the action.

This, the 8th day of June, 2017.

/s/ L. Patrick Auld
United States Magistrate Judge